THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEREMI EMMANUEL ATANDA, | CASE NO. C21-0976-JCC |
| Plaintiff, | ORDER |
| v. | |
| NORGREN IMI PRECISION ENGINEERING, | |
| Defendant. | |

This matter comes before the Court on pre-service review of Plaintiff Adremi E. Atanda's complaint (Dkt. No. 4) under 28 U.S.C. § 1915(e)(2) and on Plaintiff's motion for service by the U.S. Marshal Service (Dkt. No. 6).

I.   BACKGROUND

On July 22, 2021, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) Plaintiff's complaint alleges that Defendants terminated his employment in retaliation for his filing another antidiscrimination lawsuit against the same employer. (*See generally* Dkt. No. 4.) In that lawsuit, Plaintiff alleges that various supervisors failed to promote him because of his race. *See* Case No. C20-0796-JCC, Dkt. No. 5 (W.D. Wash. 2020). In their entirety, Plaintiff's substantive allegations in the above-captioned case are as follows:

1) The company representative claim[s] that the company wants to restructure their employees[.] I was not included [in the restructured workforce]. [T]he Human Resource person knew about my discrimination law suit against my employer[,] so I was let go.
2) Before the company close[d] down for the COVID 19 [pandemic,] there was increased scrutiny of my presence without proper jurisdiction.[1]
3) The company representative gave to EEOC [a] job performance evaluation that is poorer than it should be.

(Dkt. No. 4 at 5.)

## II.   DISCUSSION

The Court must dismiss before service a complaint filed *in forma pauperis* if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

*Pro se* complaints are read liberally and in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis* complaint that fails to state a claim. *Lopez*, 203 F.3d at 1229. If the court dismisses the complaint, it should give leave to amend unless "it is absolutely clear" that amendment would not cure the pleading deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges no facts in support of his discrimination claims. That leaves Plaintiff's retaliation claim, which alleges that his employer terminated him because of his antidiscrimination lawsuit, pending under Case No. C20-0796-JCC.

---

[1] The Court believes the word "jurisdiction" should be construed as "justification" and gives it that meaning in interpreting Plaintiff's complaint.

A prima facie claim of retaliation under Title VII requires a plaintiff to allege that (1) his employer took adverse employment action against him, (2) "because of," (3) his protected activity. *See, e.g.*, *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). The "because of" element "must be proved according to traditional principles of but-for-causation." *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 360 (2013).

Filing an antidiscrimination lawsuit is a protected activity, and termination of employment is an adverse employment action. But the allegation that "the Human Resource person knew about my discrimination law suit . . . , so I was let go" falls far short of plausibly alleging that Defendants would not have terminated Plaintiff but for his filing a lawsuit. What is more, Plaintiff himself identifies multiple, lawful grounds for his discharge: The company claims it was restructuring its workforce, it gave him a poor performance review, and it had "closed down" due to COVID-19.

Even under the liberal *pro se* pleading standard, Plaintiff's barebones complaint does not raise his right to relief above the speculative level. Plaintiff must allege some facts plausibly suggesting that the lawsuit he filed was why Defendants terminated him. *Cf. Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 n.1, 828–29 (7th Cir. 2014) (explaining that facts tending to weaken an inference of causation can require a plaintiff to provide additional explanation in his pleading.). As required by 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES Plaintiff's complaint without prejudice and with leave to amend.

I.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for service (Dkt. No. 6) is DENIED without prejudice, and his complaint is DISMISSED without prejudice and with leave to amend.

DATED this 11th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE